## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

JODY BENDER,
    PLAINTIFF,

v.

GARY K. MCLARRY, BRADLEY A.
CUMMINGS, PAUL H. FENIMORE,
DANIEL WINN, LEWIS TATUM,
JOHN DOE and HOPKINS COUNTY,
TEXAS,
    DEFENDANTS.

CIVIL ACTION

No.: _____

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    COME NOW JODY BENDER, Plaintiff herein, and bring this action requesting relief for the defendants' violation of her rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the United States Constitution, including its Fourth and Fourteenth Amendments. Plaintiff further invokes the pendent jurisdiction of this Court to entertain claims arising under state law, in particular, that of false imprisonment.

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over Plaintiff's federal claims under 42 U.S.C. § 1983 and original jurisdiction based upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action to seek redress for violation of the Plaintiff's constitutional and civil rights.

2.    Venue is proper as the acts complained of occurred in Hopkins County, Texas and are within this District.

## PARTIES

3.     Plaintiff, JODY BENDER (hereafter "Ms. Bender" or "Plaintiff"), is a citizen of the United States and long-term resident of Hopkins County, Texas.

4.     Defendant GARY K. MCLARRY (hereafter "Defendant McLarry") is a deputy sheriff and at all times relevant held the rank of Corporal in the Hopkins County Sheriff's Department. Defendant McLarry is sued individually for his actions undertaken and failures to act while in the course and scope of his employment as a peace officer for the Hopkins County Sheriff's Department, and acting under the color of state law.  Defendant McLarry will be served by private process at his place of business, the Hopkins County Sheriff's Department, 298 Rosemont, Sulphur Springs, Texas, 75482; telephone 903.438.4040.

5.     Defendant PAUL H. FENIMORE (hereafter "Defendant Fenimore") is a deputy sheriff for Hopkins County Sheriff's Department.  Defendant Fenimore is sued individually for his actions undertaken while in the course and scope of his employment as a peace officer for the Hopkins County Sheriff's Department, and acting under the color of state law.  Defendant Fenimore will be served by private process at his place of business, the Hopkins County Sheriff's Department, 298 Rosemont, Sulphur Springs, Texas, 75482; telephone 903.438.4040.

6.     Defendant BRADLEY A. CUMMINGS (hereafter "Defendant Cummings) is a deputy sheriff for Hopkins County Sheriff's Department.  Defendant Cummings is sued individually for his actions undertaken while in the course and scope of his employment as a peace officer for the Hopkins County Sheriff's Department, and acting under the color of state law.  Defendant

Cummings will be served by private process at his place of business, the Hopkins County Sheriff's Department, 298 Rosemont, Sulphur Springs, Texas, 75482; telephone 903.438.4040.

7. Defendant DANIEL WINN (hereafter "Defendant Winn") is a deputy sheriff and held the rank of Sergeant in the Hopkins County Sheriff's Department. Defendant Winn is sued individually for his actions undertaken and failures to act while in the course and scope of his employment as a peace officer for the Hopkins County Sheriff's Department, and acting under the color of state law. Defendant Winn will be served by private process at his place of business, the Hopkins County Sheriff's Department, 298 Rosemont, Sulphur Springs, Texas, 75482; telephone 903.438.4040.

8. Defendant LEWIS L. TATUM (hereafter "Defendant Tatum"), is a deputy sheriff for Hopkins County Sheriff's Office and occupied the position as an investigator in the Hopkins County Sheriff's Department. Defendant Tatum is sued individually for his actions undertaken while in the course and scope of his employment as a peace officer for the Hopkins County Sheriff's Office, and acting under the color of state law. Defendant Tatum will be served by private process at his place of business, the Hopkins County Sheriff's Office, 298 Rosemont, Sulphur Springs, Texas, 75482; telephone 903.438.4051.

9. Defendant John Doe is or was at all times relevant herein duly appointed and acting deputy sheriff for the Hopkins County Sheriff's Department. Defendant John Doe is sued individually for his actions undertaken while in the course and scope of his employment as a peace officer for the Hopkins County Sheriff's Office, and acting under the color of state law. Upon determining his identity, he will be served by private process server.

10. Defendant HOPKINS COUNTY, TEXAS (hereafter Defendant "Department" or "Hopkins County Sheriff's Department"), is a sub-division of the State of Texas. The Department, through its senior officials, promulgates and implements policies, including those with respect to the use, reporting and investigation of property disputes and the repossession of autos by its staff. In addition, senior officials in the Department are aware of and tolerate certain practices by subordinate employees on patrol, including those that are inconsistent with formal policy. These practices, because they are widespread, long-standing, and deeply embedded in the culture of the Department, constitute unwritten Department policies or customs. The Department is also responsible for the appointment, training, supervision, and conduct of all Department personnel, including the defendants referenced herein.

11. Defendant Hopkins County may be served with summons by serving its County Judge, Mr. Robert Newsom, Hopkins County Courthouse, 118 Church Street, Sulphur Springs, Texas, 75482, telephone 903.438.4006.

## FACTUAL ALLEGATIONS

12. This case stems from the unlawful search of business property and the seizure of vehicles under the control and custody of Plaintiff's without due process of law.

13. Ms. Bender is married with five children, and both she and her husband are law-abiding citizens. She and her family moved to Texas several years ago and she is an entrepreneur and owner of several businesses within Hopkins County.

14.     Ms. Bender invested in a used car business (hereafter "used car business") located in the City of Sulphur Spring, the county seat of Hopkins County.[1]  She had no previous experience in this type of business and relied on the knowledge and acumen of her business partner, Steve Albert.  Mr. Albert, along with other members of his family, owned and operated the used car business and possessed the license(s) and certificate(s) required by the State of Texas.  The used car business was managed by Mr. Albert.

15.     In connection with the used car business, the Bill of Sale for each vehicle contains language that the purchaser relinquishes all rights to the purchased vehicle and it can be repossessed at any time or place, with or without the purchaser's knowledge if the account becomes delinquent.[2]

16.     On or about February 23, 2012, individuals working for the used car business proceeded to repossess a car which according to the payment record maintained by Ms. Bender was in a delinquent status.  Prior to repossessing the vehicle, the delinquent status had been confirmed by Defendant Albert.  The individuals approached the family at home and requested the keys to the vehicle.  Upon receiving the keys, they then repossessed the vehicle.

17.     On February 24, 2012, Defendants McLarry, Cummings and Fenimore appeared at the Bender's truck repair business and inquired as to a stolen vehicle.  Deputy McLarry began to aggressively question Mr. Bender, who managed the family's truck repair business, as to the repossessed vehicle, stating it had been stolen.  Mr. Bender informed the deputy that he was not

---

[1] According to the 2010 U.S. Census, Hopkins County has a population of 35,230.  Per the Handbook of Texas Online, Hopkins County is comprised of an area of 789 square miles,
[2] Lone Star Auto Ranch, Bill of Sale to an individual identified as R.L. contains this same language and is applicable to the vehicle at issue.

aware of any stolen vehicles but that a vehicle had been repossessed. At no time did the deputies request permission to enter onto the property, or produce or say they had a warrant to search the premises or to arrest Ms. Bender; notwithstanding, Mr. Bender was cooperative with Defendant McLarry and the accompanying deputies.

18.   Pending the arrival of Ms. Bender, deputy Fenimore without a warrant and express permission to search the business premises, did affect a search for the repossessed vehicle and did in fact locate it.

19.   Upon Ms. Bender's arrival, she was confronted by Deputy McLarry. He informed her he was there to pick up a vehicle that was reported stolen. Ms. Bender explained that the vehicle was not stolen but had been repossessed due to the failure to make payments and that she had reported to the Sheriff's Department the previous day that the vehicle was repossessed. Defendant McLarry stated that he didn't care.

20.   Defendant McLarry ordered her to move the vehicles parked in front of the vehicle so that they could take possession of the repossessed vehicle and drive it away. She explained, as she had just arrived, that she did not have the keys to the other vehicles and would have to go and locate them. Without further discussion, Defendant McLarry ordered Defendant Cummings to "cuff her". Ms. Bender was not informed as to why she was being placed under arrest. It was not until taken to receive her warnings and have bail set did Ms. Bender learn that she was charged with Unauthorized Use of a Vehicle.[3]

---

3 Unauthorized Use of a Vehicle, Tex. Penal Code §31.07(a). A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

21.     At all times relevant on February 24, 2012, deputies Fenimore and Cummings assisted and later that day, the vehicle was towed from the Bender property.

22.     On or about May 1, 2012, a person by the name of Ethan Fritz came to the Bender property and informed a person who then worked for Ms. Bender that he was instructed by deputy Lewis Tatum to come out and pick up his car.  Mr. Fritz had returned his car in December. 2011, and requested that mechanical work be performed.  He had not paid for the work and had simply left the vehicle at the property.  He insisted that deputy Tatum had told him he had to come and get it.  The person informed Mr. Fritz that she could not release the vehicle as the repairs had not been paid.

23.     Later that day, deputy sheriffs Paul Fenimore and Daniel Winn, with another deputy fitting the description of deputy sheriff McLarry arrived at the property.  Deputies Fenimore and Winn approached the person who, and Deputy Fenimore informed her that a certain Cadillac Escalade was to be returned to the purchaser.  Upon explaining that the purchaser had to pay for mechanical repairs recently made to the vehicle, deputy Fenimore informed the person that if she did not surrender the vehicle immediately, she would be arrested for Unauthorized Use of a Motor Vehicle.

24.     Deputy Winn, believed to be a supervisor, was in attendance and assisted Deputy Fenimore.  At no time did he intervene to address the lack of lawful authority by Deputy Fenimore to order the return of the Cadillac Escalade without due process of law.  Deputy McLarry did not exit the vehicle but upon pulling in, turned and drove away.

25. On or about August 3, 2012, in the evening, deputy sheriff McLarry and another unidentified deputy sheriff (John Doe) arrived at the Bender property. Deputy McLarry informed Jaime Edwards (purchaser of a Red Dodge Truck) that the vehicle did not belong to her and that she had to surrender the vehicle. Deputy McLarry informed Ms. Edwards that Justice of the Peace Glossop had held a property hearing and the judge had sent Deputy McLarry to recover the vehicle. The purchaser was told to remove their possessions and to drive the vehicle to the street where the owners pursuant to the property hearing would receive it.

26. Upon information and belief, Justice of the Peace Glossop did not hold a property hearing and there was no order directing that the vehicle be surrendered to another. Deputy McLarry acted to deprive Ms. Edwards of a lawfully purchased vehicle without due process of law and with the authority as a deputy sheriff for Hopkins County, Texas.

27. Plaintiff has lost the value of the vehicles removed without due process of law and suffered financial harm. In addition, Plaintiff Jody Bender has suffered serious mental anguish and continues to do so due to the unlawful seizing of her property without the due process of law.

## GENERAL ALLEGATIONS

28. Ms. Bender alleges generally that Defendants McLarry, Cummings, Fenimore, Winn and John Doe entered on her property without a warrant and made demand for vehicles that had been repossessed, surrendered by the purchaser, or being held pending payment of the mechanical repairs. Demand was made that the vehicles be returned under various circumstances, but all

without the authority of law.

29. Defendant Tatum directed a former owner to seek out the vehicle he had previously surrendered and which was subsequently enforce by two deputies who threatened to arrest the person working for Ms. Bender if she did not give them the vehicle.

30. At all times relevant herein, Defendants' McLarry, Cummings, Fenimore, Winn, John Doe and Tatum were acting under the color of law of the State of Texas and pursuant to authority granted to them by the State of Texas. The individual Defendants' actions complained of constitute an abuse of power held uniquely because of a state position and the result solely of an explicit invocation of their governmental authority.

31. At the time of the search and seizure of the vehicles belonging to Ms. Defendant Hopkins County, through its Sheriff's Department, had in place and had ratified policies, procedures, customs, and practices which exhibited manifest indifference to the constitutional rights of persons in Hopkins County, which caused the violation of Ms. Bender's rights. Said *de facto* policies, procedures, customs, and practices permitted and tacitly encouraged sheriff's deputies to unjustifiably, unreasonably, and in violation of the Fourth and Fourteenth Amendments to search and seize property without lawful authority.

32. The acts and inactions of the individual defendants were in violation of Plaintiff's rights as provided under the Fourth and Fourteenth Amendments, U.S. Constitution. Further, Plaintiffs allege that Defendant Hopkins County is liable for the violations of their rights as stated above due to its failing to adequately train and/or supervise Defendants McLarry, Fenimore, Cummings, Winn, John Doe and Tatum, as well as its other licensed peace officers.

## CAUSES OF ACTIONS, DAMAGES, AND RELIEF

33. Plaintiffs incorporates by reference all factual allegations of paragraphs 10 through 32 above as though fully set forth at length herein, and asserts that the same are moving factors which have resulted in the violation of these Plaintiffs' constitutional rights.

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

34. 42 U.S.C. §1983 creates a private right of action for redressing constitutional violations by those acting under color of state law. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994). The actions of Defendants McLarry, Cummings, Fenimore, Winn, John Doe and Tatum violated the well-established Fourth and Fourteenth Amendment rights to be free from unlawful searches and seizures. Ms. Bender was known to the Hopkins County Sheriff's Department as a seller of used cars and who had on occasion the need to repossess vehicles.

35. The Supervisory and Individual Deputy Sheriff Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their employments as Hopkins County Sheriff's Department deputies. These defendants acted willfully, knowingly, and/or with manifest indifference, and deprived plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. These defendants' conduct had been a substantial factor in the continuation of such victimization of Ms. Bender and a proximate cause of the constitutional violations alleged in this complaint.

36. Defendant Hopkins County, through its Department, and acting under the pretense and color or law, has permitted, tolerated and been deliberately indifferent to a pattern and practice of sanctioned/tolerated unlawful searches of persons and their property, as well as the seizure of personal property in Hopkins County, Texas. This widespread tolerance of deputy sheriffs' and other personnel's sanction/toleration of unlawful searches and seizures constitutes a municipal policy, practice or custom and led to the attacks on plaintiff. At all times material to this complaint, defendant Hopkins County, Texas, acting through its Sheriff's Department, and through the individual defendants, had *de facto* policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

37. By permitting, tolerating and sanctioning a persistent and widespread policy, practice and custom pursuant to which plaintiff was subjected to between February and August of 2012, defendant Hopkins County has deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful searches and seizures without due process of law.

38. As a direct and proximate result of the above misconduct, abuse of authority, and conspiracy with regard to the same, and the policy, practice and custom detailed above, plaintiff

was deprived of her property liberty, suffered unlawful searches and psychological and emotional injury, and was otherwise damaged and injured.

39. Hopkins County Sheriff's Department has in place and had ratified policies, procedures, customs, and practices which exhibit manifest indifference to the constitutional rights of the persons in Hopkins County by the arbitrary and capricious use of its police power to intervene and interfere with individuals as desired without legal basis. In example, the actions complained of which occurred as described herein.

40. Defendant Hopkins County's failure to ensure its officers were adequately trained in the use of their police power is evinced by the lack of a systematic mechanism for receiving, recording, tracking and responding to complaints. To the contrary, upon information and belief, individuals who complain of police misconduct become themselves the target of criminal investigations. As an example, Ms. Bender has previously filed a complaint to the Hopkins County Sheriff's Department of the actions of Defendant Cummings which has gone unanswered. To the contrary, the day after Ms. Bender filed her complaint as to Defendant Cummings' lewd actions in searching her person, Hopkins County deputies appeared at her residence, and in the lead was Defendant Cummings. As Ms. Bender was not at home at the time, the purpose of the visit is unclear.

41. Upon information and belief, the Hopkins County Sheriff's Department's Human Resources and general personnel system conceals rather than discloses questionable and/or illegal conduct, as well as activities leading to constitutional violations. The direct consequence is that conduct which leads to constitutional violations is not disclosed, individuals involved not

held accountable and this results in continued constitutional violations and systemic failures of accountability which ratify and perpetuate the unlawful conduct. This includes but is not limited to the failure of the Sheriff's Department to log, track and investigate complaints of abuse by its peace officers as noted above. This lack of response to complaints evinces Defendant Hopkins County's tolerance for and acquiescence in the indiscriminate use of police power.

42. Acting under color of State law, by and through the policy makers of Defendant Hopkins County and pursuant to practices, customs and/or usage of the Hopkins County Sheriff's Department, defendant Hopkins County intentionally, knowingly, recklessly, and/or with manifest indifference to the rights of the inhabitants of Hopkins County, failed to adequately train and supervise, on a continuing basis, Defendants McLarry, Cummings, Fenimore, Winn, John Doe and Tatum in the performance of their duties to refrain from or to halt other deputies from:

    a. Violating the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and Laws of the United States;

    b. Intervening in private or contractual matters unrelated to any legitimate law enforcement issue;

    c. Otherwise depriving citizens of their constitutional and statutory rights, privileges, and immunities.

43. Defendant Hopkins County, through its employees, agents and those whose edicts and/or acts may fairly be said to represent official policy, directly or indirectly and through their actions and inactions, under color of State law, approved or ratified the unlawful, deliberate, malicious,

reckless, and wanton conduct of the individual Defendants who serve as peace officers as heretofore described by its permitting the practice and/or custom of conducting unlawful arrests, unlawful searches, false imprisonment and persisting in prosecuting individuals as described herein without lawful basis.

## DAMAGES

44. Plaintiff is entitled to damages pursuant to 42 U.S.C. §1983. Due to the wrongful acts of Defendants McLarry, Cummings, Fenimore, Winn, John Doe, Tatum and Hopkins County, Ms. Bender was caused to suffer mental anguish as a result of the actions complained of, and has experienced the loss of the value of the vehicle and time value of money. The actions by the individual Defendant deputies were carried out with a blatant disregard for Ms. Bender's rights. Consequently, Ms. Bender seeks exemplary damages from Defendants McLarry, Cummings, Fenimore, Winn, John Doe and Tatum in an amount as may be found to be proper under the facts and circumstances of this case.

45. Ms. Bender seeks compensation for her damage "joint or severally" as the law may permit.

46. For violations of rights guaranteed to the Plaintiff as set forth above, Plaintiff sues Defendants McLarry, Cummings, Fenimore, Winn, John Doe and Tatum for $25,000 or a sum as considered appropriate by the trier of fact.

47. Plaintiff sues Defendant Hopkins County for $250,000 or a sum as considered appropriate by the trier of fact for its practices, customs and/or usages and its express failure to prevent the acts complained of herein, and for acquiescing in the same.

48. Plaintiff would show that the conduct in this matter by the individual Defendants was so egregious, intentional, and wanton that exemplary damages should be awarded by the trier of fact. Plaintiffs sue each of the individual Defendants for an amount as may be proven appropriate upon the evidence developed in this action.

49. Plaintiffs seek such other and further relief, general and special, legal and equitable, to which he may show herself justly entitled.

50. As a result of the actions of each Defendant, Plaintiff has been required to employ the undersigned attorney to represent her in obtaining the relief requested and Plaintiff requests that this Court enter judgment against Defendants for reasonable attorney's fees and expenses pursuant to 42 U.S.C. §1988 for the services for the undersigned attorney performed and to be performed.

51. Plaintiffs request costs of court.

52. Plaintiffs requests prejudgment interest.

53. Plaintiffs requests post judgment interest.

WHEREFORE, PREMISES CONSIDERED, Ms. Bender, Plaintiff, pray that Defendants answer this Complaint and that this matter be placed upon the district court's civil trial docket. Further, that the Plaintiff obtain all relief, at law or in equity, to which she may be justly entitled.

Date:  24th day of February, 2014.

Respectfully submitted,

  /s/  David D. Davis            ,
David D. Davis
State Bar No. 00790568

LAW OFFICE OF DAVID D. DAVIS, PLLC
P.O. Box 542915
Grand Prairie, Texas 75054-2915
972.639.3440 Telephone
972.639.3640 Facsimile
ddd@dddavislaw.net